FLUCK and wife, Respondents, vs. MEIROFF **and wife**, Appellants.

*March 7—April 5, 1927.*

*Appeal: Question not presented by record: Restrictive covenants: Estoppel.*

> Plaintiffs, who brought an action against the defendants for violation of a covenant restricting premises to residence purposes, were not estopped to maintain the action by proof that one of the plaintiffs rented a three-car garage in the rear of his own premises from which he derived income, in the absence of estoppel being pleaded, or any evidence in the record as to whom the garages were rented, or any finding or requested finding in respect to such matter.

APPEAL from a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Affirmed.*

Building restrictions. Plaintiffs had judgment, from which defendants appeal.

For the appellants there was a brief by *Wehe & Landry* of Milwaukee, and oral argument by *Waldemar C. Wehe.*

For the respondents there was a brief by *Seher & Seher* of Milwaukee, and oral argument by *Walter Seher.*

ROSENBERRY, J. The plaintiffs and defendants are owners of certain lands situated in block 12 in Rosemont No. 2 addition, in the county of Milwaukee. All of the lands in said subdivision were conveyed with the following restrictive covenant:

"This deed is executed and delivered subject to the following conditions and restrictions: This land shall be used for residence purposes only. . . . The foregoing covenants and restrictions shall continue in force until abolished by a vote of the owners of at least three fourths of the property owners in Rosemont No. 2, and shall in no wise be abolished or violated until January 1, 1949. Said restrictions shall be deemed covenants running with the land, and enforceable

on the petition of any owner of land in said subdivision, by any court of competent jurisdiction, by injunction or otherwise, as may be found expedient, under the circumstances."

The plaintiffs charge the defendants with violation of the covenant because of the fact that the defendants maintained a grocery store upon the premises owned and occupied by them. The court found in favor of plaintiffs' contention upon ample evidence.

The only question presented here which we deem worthy of separate treatment is whether or not the plaintiffs are estopped to maintain the action. Upon cross-examination plaintiff *Arthur H. Fluck* gave the following testimony:

"*Q*. Have you got a garage in the rear of your premises in Rosemont's subdivision No. 2? *A*. Yes.

"*Q*. How many car garage? *A*. Three.

"*Q*. A three-car garage. Do you rent these three garages? *A*. Yes, sir.

"*Q*. What rent do you get from each one? *A*. $5.

"*Q*. So you get $15 a month from the rent of your garages? *A*. Yes, sir.

"*Q*. How long have you been carrying on this business? *A*. Since I am living there. It will be two years in December."

No estoppel was set up in the answer, nor does it appear to whom the garages in question were rented, whether to the occupants of the building situated upon the premises or otherwise; nor does it appear that any finding was requested with respect to the matters now complained of, and no finding was in fact made. The question of estoppel of the plaintiffs is not presented by the record in this case.

*By the Court.*—Judgment affirmed.